# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| JEFFREY RAY WILSON, ) | |
| ) | Case No. 3:18-CV-360 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Debra C. Poplin |
| CLAIBORNE COUNTY SHERIFF'S ) | |
| DEPARTMENT, TERESA JOHNSON, ) | |
| and JOHN DOES, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM AND ORDER

This is a pro se prisoner's complaint for violation of civil rights filed pursuant to 42 U.S.C. § 1983. The matter is now before the Court for screening of the complaint pursuant to the Prison Litigation Reform Act ("PLRA"). For the reasons set forth below, Plaintiff shall have thirty days from the date of entry of this order to file an amended complaint.

## I. SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the

PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery, however, are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

**II.     ANALYSIS**

In his complaint, Plaintiff alleges Defendants have violated his constitutional rights by refusing him medical treatment [Doc. 2 p. 3–4]. Plaintiff specifically alleges that, although a doctor told him that he needed surgery for two hernias as soon as possible, he has been placed on a waiting list because of the jail [*Id.* at 4]. Plaintiff further alleges that he has had an ingrown hair since he arrived, that his neck is dislocated and sometimes painful, and that he has busted three teeth, but the nurse will not see him or others and the correctional officers will not help him [*Id.*].

Plaintiff, however, does not set forth sufficient information for the Court to determine whether any named Defendant may be liable under § 1983 for any violation of Plaintiff's constitutional rights. As such, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983 as to any named Defendant.

Nevertheless, the Court will allow Plaintiff thirty days from the date of entry of this order to file an amended complaint with a short and plain statement of facts setting forth exactly how his constitutional rights were violated and the specific individual(s) who violated his constitutional rights.[1] *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding that "[u]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA").

### III. CONCLUSION

For the reasons set forth above:

1. The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint;

2. Plaintiff has thirty (30) days from the date of entry of this order to file an amended complaint;

3. Plaintiff is **NOTIFIED** that any amended complaint Plaintiff files will completely replace the previous complaint;

4. Plaintiff is also **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and to follow the orders of this Court; and

5. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the

---

[1] Plaintiff is **NOTIFIED** that the Court may only address the merits of claims that relate back to Plaintiff's original complaint under Rule 15 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff **SHALL NOT** attempt to set forth any claims in this amended complaint which were not set forth in his original complaint or do not otherwise relate back under Rule 15, as any such claims may be **DISMISSED**.

proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**E N T E R**:

                              */s/ Travis R. McDonough*
                              **TRAVIS R. MCDONOUGH**
                              **UNITED STATES DISTRICT JUDGE**